**NOT FOR PUBLICATION**  CL

<strong>UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY</strong>

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : : Plaintiff, : : v. : : ROBERT JONAS, et al., : : Defendants. : | Crim. A. No. 91-0254 (SRC)<br><br>**OPINION & ORDER** |

**Chesler, U.S.D.J.**

This matter comes before the Court on *pro se* Defendant Eduardo Mantilla's motion to alter or amend the Court's opinion and order denying his motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [Docket item 52.]

As an initial matter, although this is a criminal case, and Defendant has filed this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court will consider this a properly filed motion for reconsideration. The Federal Rules of Criminal Procedure do not include a provision that governs motions for reconsideration of court orders. However, Rule 1.1 of our Local Criminal Rules provides that Rule 7.1 of the Local Civil Rules, which provides for reconsideration, is applicable in criminal cases. *See also U.S. v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (finding that motions for reconsideration may be filed in criminal cases).

Rule 7.1(i) of the Local Civil Rules for the District of New Jersey governs motions for

reconsideration or reargument.[1]  It is well-established that a court may grant a motion under the rule only if the moving party demonstrates that the court, in reaching its prior decision, overlooked a controlling decision of law or a dispositive factual matter which, if considered by the court, might reasonably have resulted in a different conclusion.  *See Bryan v. Shah*, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).  However, relief by way of a motion for reargument is "an extraordinary remedy" that is only to be granted "very sparingly."  *See NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

Stated another way, a motion for reconsideration may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995).  Courts are not authorized to grant a motion for reconsideration based on a party's mere disagreement with the court's decision.  *See id.*; *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.").

---

[1] Some of the cases cited below refer to Rule 7.1(g).  However, Local Civil Rule 7.1 was amended on February 24, 2005, so that motions for reconsideration are now governed by Local Rule 7.1(i).  For purposes of this Opinion, the substantive amendments to the Rule are of no consequence.

In this motion, Defendant does not allege any change in controlling legal authority, nor does he argue that any previously unavailable evidence has come to light. Instead, Defendant argues the Court improperly construed his motion, which he filed pursuant to Rule 60(b), as a second or successive habeas petition. Defendant only asks for reconsideration of the Court's finding with respect to his claims asserting violations of the Speedy Trial Act.

In support of his position, Defendant argues that the Court erred in finding that, in the opinion addressing Defendant's initial petition for habeas relief, Judge Lifland addressed Defendant's Speedy Trial Violation argument. (Df. Br. at ¶ 9). However, it appears that Defendant actually disagrees with and challenges the manner in which Judge Lifland reached the conclusion that the government did not violate the Speedy Trial Act in prosecuting his case. Defendant is essentially raising the same argument that he presented in his Rule 60(b) motion. As explained above, Defendant's disagreement with the Court's analysis and conclusion does not warrant reconsideration of the ruling. *See G-69 v. Degnan*, 748 F. Supp. at 275.

Defendant also argues that this Court " is silent on the principles clarified under the Supreme Court decision in '*Zedner*'[*v. U.S.*, 547 U.S. 489 (2006)]" and that the Court "overlook[ed] the impact of '*Zedner*' on the integrity of Movants' § 2255 proceedings." *Id.* Defendant relied on *Zedner* in support of his Rule 60(b) motion. The Court did not overlook *Zedner*. The Court did not reach the issue because it held that Defendant's Rule 60(b) motion actually challenged his underlying conviction rather than the manner in which the habeas judgment was procured. Because Defendant merely disagrees with the Court's analysis, reconsideration of this issue is not proper.

As stated above, motions for reconsideration are to be granted "very sparingly." *NL*

*Indus. Inc.*, 935 F. Supp. at 516.  Because Defendant has not demonstrated a change in controlling law, evidence not previously available, or a clear error of law, he has not satisfied the Court that he is entitled to such extraordinary relief.   Accordingly,

  **IT IS** on this 22nd day of September 2008,

  **ORDERED** that Defendant's motion for reconsideration [docket item 52] of the Court's opinion and order denying his motion pursuant to Rule 60(b) is **DENIED**.

                 s/ Stanley R. Chesler
               Stanley R. Chesler,
               United States District Judge