**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDUARDO MANTILLA, Petitioner, | Crim. No. 91-254 (SRC) |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, Respondent. | |

**CHESLER**, District Judge

This matter comes before the Court on the motions by *pro se* Petitioner Eduardo Mantilla ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (labeled by Petitioner as a "motion to recall the court's order and judgment entered on April 21, 1997.") Petitioner has also moved to disclose grand jury transcripts. For the reasons set forth below, both motions will be denied.

This is now the fifth § 2255 motion brought by Petitioner, and this Court will not repeat the pertinent history. Petitioner's motion is thus a successive motion within the meaning of 28 U.S.C. § 2255(h). Pursuant to 28 U.S.C. § 2255(h), successive motions must be certified by the appropriate Court of Appeals before the district court may hear them; such certification is a prerequisite for this Court's subject matter jurisdiction. Goldblum v. Klem, 510 F.3d 204, 218 (3d Cir. 2007). Because Petitioner has not obtained the required certification from the Third Circuit, this Court lacks subject matter jurisdiction to hear the motion. The motion to recall the court's order will be denied for lack of subject matter jurisdiction.

The Court will not at this time bar Petitioner from filing further motions, but Petitioner is

hereby warned that, after five § 2255 motions, the Court may seriously consider imposing such a bar in the future.

Petitioner also has moved to disclose grand jury transcripts so that he might prepare to file a motion to dismiss the indictment based on prosecutorial misconduct before the grand jury. Federal Rule of Criminal Procedure 6(e)(3)(E) states:

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> . . .
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . .

Petitioner has not shown that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Petitioner has not met the requirement set forth in Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), and his motion for disclosure will be denied.

For these reasons,

**IT IS** on this 28th day of April, 2011,

**ORDERED** that Petitioner's motion to disclose grand jury transcripts (Docket Entry No. 65) is **DENIED**; and it is further

**ORDERED** that Petitioner's motion to recall the court's order and judgment entered on April 21, 1997 (Docket Entry No. 68) is **DENIED.**

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge