# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

EDUARDO MANTILLA,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Crim. No. 91-254 (SRC)

**ORDER**

**CHESLER**, District Judge

This matter comes before the Court on the motions by *pro se* Petitioner Eduardo Mantilla ("Petitioner"), to "finalize defendant's sentence and impose a final judgment," and for reconsideration of the Court's Order of April 28, 2011, "denying the motion to recall the Court's Order and Judgment entered on April 21, 1997." For the reasons set forth below, the motions will be denied.

Petitioner's motion to finalize his sentence and impose a final judgment constitutes his sixth § 2255 motion, and is thus a successive motion within the meaning of 28 U.S.C. § 2255(h). Pursuant to 28 U.S.C. § 2255(h), successive motions must be certified by the appropriate Court of Appeals before the district court may hear them; such certification is a prerequisite for this Court's subject matter jurisdiction. Goldblum v. Klem, 510 F.3d 204, 218 (3d Cir. 2007). Because Petitioner has not obtained the required certification from the Third Circuit, this Court lacks subject matter jurisdiction to hear the motion. The motion is therefore denied for lack of subject matter jurisdiction.

Petitioner also moves the Court to reconsider its April 28, 2011 Order, contending that the Court erroneously characterized his "motion to recall the Order and Judgment of April 21, 1997"

as a successive § 2255 petition. Pursuant to Local Civil Rule 7.1(i),[1] a motion for reconsideration may be filed within fourteen days of the entry of an order or judgment. A court may reconsider an order or judgment upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 n.2 (D.N.J. 2005) (citing *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)); *see also Resorts Int'l v. Great Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992). Alteration or amendment of a judgment pursuant to a motion for reconsideration is an extraordinary remedy, which should be granted only where the petitioner demonstrates: (1) newly available evidence; or (2) the need to correct a clear error of law, or prevent a manifest injustice; or (3) an intervening change in the controlling law. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d. Cir. 1999); *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

In this case, Petitioner's motion for reconsideration was not timely filed,[2] and does not demonstrate any basis for alteration of the Court's April 28, 2011 Order. Petitioner fails to raise any intervening change in the law, or any newly available evidence warranting reconsideration. Moreover, insofar as Petitioner argues that the Court's treatment of his "motion to recall" as a successive § 2255 petition was an error of law, or resulted in a manifest injustice, this argument is

---

[1] Rule 12 of the Rules Governing Section 2225 Proceedings for the United States District Courts provides in the relevant part that, in the absence of a procedure specifically prescribed by the § 2255 Rules, the court may apply the Federal Rules of Civil Procedure to a § 2255 action. Though the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, the Local Civil Rules of the District of New Jersey do. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

[2] Petitioner's motion for reconsideration was filed on June 28, 2011, well more than fourteen days after the entry of the April 28, 2011 Order.

without merit. Petitioner's motion to recall or vacate the Order of April 21, 1997, which sentenced him to life imprisonment, was his fifth attempt to obtain the same relief. Labeling that particular attempt as one relating back to a "Section 3582(c)(2) motion filed on June 4, 1996" does not alter the nature of the relief requested. Thus, the Court properly denied Petitioner's motion to recall or vacate the April 21, 1997 Order as a successive § 2255 petition, over which the Court lacks subject matter jurisdiction. Petitioner's motion for reconsideration of the April 28, 2011 Order is therefore denied.

Finally, the Court reiterates that it is considering barring Petitioner from filing further motions.

For these reasons,

**IT IS** on this 13th day of September, 2011,

**ORDERED** that Petitioner's motion to finalize defendant's sentence and impose a final judgment [Docket Entry No. 74] is **DENIED**; and it is further

**ORDERED** that Petitioner's motion for reconsideration of the Court's Order of April 28, 2011 [Docket Entry No. 78] is **DENIED**.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge