CLOSED

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDUARDO MANTILLA,<br>　　　　　　　　Petitioner,<br>　　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　Respondent. | **No. 91-CR-254 (SRC)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

　　This matter comes before the Court on Defendant Eduardo Mantilla's motion for a review of his sentence. (Docket Entry 95)

　　On June 19, 1992, a jury found Mantilla and a co-defendant guilty on all counts of a three-count indictment for (1) conspiring to import at least 4,500 kilograms of cocaine and at least 14,000 pounds of marijuana into the United States from Columbia; (2) conspiring to distribute and possess with intent to distribute at least 2,159 kilograms of cocaine in violation of 21 U.S.C. § 846; and (3) conspiring to distribute 7,000 pounds of marijuana, also in violation of 21 U.S.C. § 846. On October 23, 1992, the Court sentenced Mantilla to three concurrent terms of life imprisonment. He appealed, and his conviction and sentence were affirmed on June 29, 1993. U.S. v Mantilla, 998 F.2d 1006 (3d Cir. 1993). Mantilla petitioned for writ of certiorari, which the Supreme Court denied on November 29, 1993. Mantilla v. U.S., 510 U.S. 1002, 114 (1993). On April 21, 1997, the Court resentenced Mantilla in light of the retroactive application

of Amendment 505 to the sentencing guidelines.  However, Mantilla was again sentenced to life imprisonment.  On June 17, 1998, the Third Circuit affirmed his revised sentence.  U.S. v. Mantilla, 162 F.3d 1152 (3d Cir. 1998).

In reliance upon 18 U.S.C. § 3742(a)(4), Mantilla now moves for this Court to review his sentence. § 3742(a)(4) provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  This Court, however, has no authority to reduce Mantilla's sentence under § 3742(a)(4), which "provides jurisdiction for the Courts of Appeal, not the District Courts, to review sentences."  United States v. Izac, No. 3:02-CR-58-01, 2012 U.S. Dist. LEXIS 186426, at *4 (N.D. W. Va. Sept. 5, 2012).

Nevertheless, the Court recognizes its "obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999).

It is plain from the filing that Mantilla does not seek to modify his sentence under Federal Rule of Criminal Procedure 35, which allows a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error."  Mantilla does not assert a technical or arithmetical error in how his sentence was calculated or imposed.  Rather, he expresses remorse for his crime and argues that, having already served 22 years, he has been adequately deterred from future criminal conduct.  Even if Mantilla did seek to move under Rule 35, such a motion would be untimely.  Subject to narrowly defined exceptions not applicable here, a Rule 35 motion must be brought within 14 days of sentencing.  Fed. R. Crim. P. 35(a).

Mantilla's motion must also be denied if construed as a petition for habeas corpus under 28 U.S.C. § 2255. Mantilla has already filed a number of successive § 2255 petitions. See Mantilla v. United States, Crim. No. 91-254, 2011 U.S. Dist. LEXIS 108418, at *1 (D.N.J. Sept. 13, 2011) ("Petitioner's motion to finalize his sentence and impose a final judgment constitutes his sixth § 2255 motion"). As this Court has already noted, successive § 2255 motions must be certified by the appropriate Court of Appeals before the district court may hear them; such certification is a prerequisite for this Court's subject matter jurisdiction. Goldblum v. Klem, 510 F.3d 204, 218 (3d Cir. 2007). Here, Mantilla has not obtained the required certification from the Third Circuit. Therefore, this Court lacks subject matter jurisdiction to hear a successive § 2255 motion.

For these reasons,

**IT IS** on this 6th day of May, 2013,

**ORDERED** that Mantilla's motion to review his sentence (Docket Entry 95) be and hereby is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.